**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

<hr>

**No. 24-4291**

<hr>

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

ROBERT LEE STROTHER,

        Defendant – Appellant.

<hr>

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville. James C. Dever III, District Judge. (4:20-cr-00119-D-1)

<hr>

Argued:  October 24, 2025                     Decided:  January 6, 2026

<hr>

Before WILKINSON, RICHARDSON, and HEYTENS, Circuit Judges.

<hr>

Affirmed by unpublished opinion. Judge Heytens wrote the opinion, which Judge Wilkinson and Judge Richardson joined.

<hr>

**ARGUED:** Ryan M. Prescott, PRESCOTT LAW, PLLC, Winterville, Georgia, for Appellant. Sarah Elizabeth Nokes, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee. **ON BRIEF:** Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

<hr>

Unpublished opinions are not binding precedent in this circuit.

TOBY HEYTENS, Circuit Judge:

When "a district court offers two or more independent rationales for its deviation" from the sentencing range recommended by the United States Sentencing Guidelines, "an appellate court cannot hold the sentence unreasonable if the appellate court finds fault with just *one* of these rationales." *United States v. Evans*, 526 F.3d 155, 165 (4th Cir. 2008). That principle resolves this appeal. Here, as in *Evans*, a district court sentenced a defendant above the advisory Guidelines range, concluding "that *both* the Guideline departure provisions *and* the [18 U.S.C.] § 3553(a) factors" independently justified a higher sentence. *Id.* Here, as in *Evans*, the appealing defendant "challenges—at length—the [district] court's analysis of the Guidelines departure provisions." *Id.* And here, as in *Evans*, we conclude we need not decide whether the defendant's Guidelines-based arguments are correct because "the record provides abundant support for the district court's conclusion that the § 3553(a) factors support the sentence." *Id.* We thus affirm.

I.

In 2020, defendant Robert Strother—while under post-release supervision for three state-law felonies involving firearms and assaults on police officers—used an AR-style rifle to shoot a police officer who was responding to a residential 911 call. Strother fled on foot with the rifle. Early the next morning, Strother approached a stranger who was getting into a truck and demanded his keys and phone. Before the stranger could comply, Strother shot him three times, hitting him in the stomach, the hand, and the elbow. Strother got in the truck and drove away. He was arrested the next day after again pointing his rifle at police officers during an altercation.

3

Strother pleaded guilty to three counts: (1) possessing a firearm after being convicted of a felony; (2) carjacking resulting in serious bodily injury; and (3) discharging a firearm in furtherance of a crime of violence (the carjacking). Standing alone, Count 3 authorized a sentence of up to life imprisonment. See 18 U.S.C. § 924(c)(1)(A)(iii); *United States v. Cristobal*, 293 F.3d 134, 147 (4th Cir. 2002).

At sentencing, the district court determined the advisory Guidelines range for Counts 1 and 2 was 360 to 420 months of imprisonment plus a mandatory consecutive sentence of at least 120 months on Count 3. See 18 U.S.C. § 924(c)(1)(D)(ii) (stating "no term of imprisonment" for violating Section 924(c) "shall run concurrently with any other term of imprisonment"). When asked directly, Strother's counsel said he had no objection to either conclusion.

The district court sentenced Strother to a total of 720 months of imprisonment and provided two bases for doing so. First, the court concluded an upward departure was warranted under three provisions of the Sentencing Guidelines. Second, the court stated that, even if it had not "properly upwardly departed," it would "impose the same sentence as an alternative variant sentence" because a 720-month term of imprisonment was "sufficient but not greater than necessary for Robert Lee Strother in light of all the [18 U.S.C. §] 3553(a) factors." JA 204.

## II.

Strother's primary argument on appeal is that the district court erred by departing upward because the facts it cited in support of that departure were already reflected in his advisory Guidelines range. But the district court provided a second justification for its 720-

4

month sentence: "an alternative variant sentence" based on the factors enumerated in 18 U.S.C. § 3553(a). JA 204; see *United States v. McKinnie*, 21 F.4th 283, 289 (4th Cir. 2021) (explaining that departures are based on "the provisions of the Guidelines themselves," whereas variances are "deviation[s] from the Guidelines range based on application of other statutory [sentencing] factors" (quotation marks removed)).

This is not the first time our Court has confronted such a situation. In *United States v. Evans*, 526 F.3d 155 (4th Cir. 2008), for example, a district court imposed a 125-month sentence on a defendant whose advisory Guidelines range was 24 to 30 months. See *id.* at 160. In doing so, "the district court found that *both* the Guidelines departure provisions *and* the § 3553(a) factors supported its [above-Guidelines] sentence." *Id.* at 165. The defendant "strenuously argue[d] that neither of [the cited] Guidelines provisions permitt[ed] an upward deviation" and that the reviewing court therefore "must find the sentence unreasonable." *Id.* This Court disagreed. Without resolving whether the Guidelines in fact authorized an upward departure, this Court affirmed the sentence because it concluded that "the record provide[d] abundant support for the district court's conclusion that the § 3553(a) factors support the sentence." *Id.*; see also *United States v. Grubbs*, 585 F.3d 793, 804 (4th Cir. 2009) (similar).

We reach the same conclusion here.

The district court clearly stated that even if the Guidelines provisions it cited did not authorize an upward departure, it would have imposed the same overall sentence based on the Section 3553(a) factors alone. No legal barrier would have prevented the district court from doing so. The Guidelines are "effectively advisory" and constitute only "one factor

5

among several [that] courts must consider in determining an appropriate sentence." *Kimbrough v. United States*, 552 U.S. 85, 90 (2007) (quotation marks removed). A district court is "not bound" by the Guidelines, *United States v. Booker*, 543 U.S. 220, 264 (2005), including their (since-repealed) provisions addressing when departures from the otherwise-applicable Guidelines range are appropriate.[1] Instead, a district court may impose a non-Guidelines sentence because it believes a Guidelines sentence would "fail[] properly to reflect § 3553(a) considerations" or even because it has "policy . . . disagreements" with the sentencing range the Guidelines would prescribe for a particular offender. *Rita v. United States*, 551 U.S. 338, 351 (2007) (first quote); *Kimbrough*, 552 U.S. at 101 (quotation marks removed) (second quote).

Of course, every sentence must be reasonable in both a procedural and a substantive sense, and appellate review ensures those limits are respected. See *Booker*, 543 U.S. at 261–64. But we review "all sentences—whether inside, just outside, or significantly

---

[1] In 2025, the Sentencing Commission "amended the Guidelines Manual to remove departures" from the Guidelines-sentencing framework. U.S.S.G. Ch. 1, Pt. A; see U.S.S.G. App. C, amend. 836. As part of that change, the three departure provisions the district court here cited in support of its sentence were removed. See U.S.S.G. §§ 5K2.0–5K2.24 (departure sections marked as "deleted"). Those amendments do not impact this appeal because a district court must use (and an appellate court must review a district court's decision using) the version of the Guidelines Manual in effect on the date the defendant was sentenced. U.S.S.G. § 1B1.11(a); see *United States v. Coby*, 65 F.4th 707, 712 (4th Cir. 2023).

outside the Guidelines range—under a deferential abuse-of-discretion standard," *Gall v. United States*, 552 U.S. 38, 41 (2007), and we see no abuse of discretion here.

Strother does not meaningfully challenge procedural reasonableness—for good reason. Despite a belated attempt in his appellate brief to walk back the concession, Strother has forfeited (if not waived) any argument that the district court failed to "correctly calculat[e] the applicable Guidelines range" because he conceded that issue before the district court. *Gall*, 552 U.S. at 49. The district court gave "both parties an opportunity to argue for whatever sentence they deem appropriate." *Id.* The court also explained why it rejected Strother's arguments for a lower sentence, why the Guidelines range did not reflect the seriousness of Strother's crimes, and why it imposed the sentence it did.

We also conclude Strother's sentence is "substantively reasonable under the facts of this case." *United States v. Hargrove*, 701 F.3d 156, 163 (4th Cir. 2012). Strother concedes that—because he was subject to a 10-year mandatory minimum sentence on Count 3—"the top of the advisory Sentencing Guidelines range was 540 months' imprisonment" total. Strother Br. 45. The district court's 720-month sentence was thus "a substantial upward variance" from the upper end of that range. *United States v. Florentine*, 147 F.4th 477, 484 (4th Cir. 2025). But "district courts have extremely broad discretion when determining the weight to be given to each of the § 3553(a) factors," *United States v. Jeffery*, 631 F.3d 669, 679 (4th Cir. 2011), and "[t]he fact that a variance sentence deviates significantly from the advisory Guidelines range does not alone render it

7

presumptively unreasonable," *Hargrove*, 701 F.3d at 163 (alterations and quotation marks removed); accord *Gall*, 552 U.S. at 51.

Here, as in *Hargrove*, "[t]he record reflects that the district court conducted a thorough individualized assessment of [Strother] and his offense conduct" under the statutorily prescribed sentencing factors. *Hargrove*, 701 F.3d at 164. The court explained that "[o]ther than murdering either of these individuals," Strother's offenses "can't get more serious than this." JA 197. It considered Strother's previous "interactions with the criminal justice system," including his previous "[f]ail[ures] on supervision." JA 200. It emphasized the "great need to protect society from" Strother and "to deter others" from similar acts. JA 201–02. And it acknowledged "all the arguments" about Strother's "history and characteristics" "in the mitigation report" and gave Strother "credit for" his guilty plea. JA 199–200. In short, the court decided Strother's sentence after "having fully considered the entire record in the case," JA 201–02, and the sentencing factors set out by Section 3553(a).[2] This Court has held similar (in content and depth) discussions of the sentencing factors were sufficient to establish the substantive reasonableness of above-Guidelines variance sentences. See, *e.g.*, *United States v. McDonald*, 850 F.3d 640, 645 (4th Cir. 2017) (district court "explained in detail the reasons compelling" the sentence, "namely the need for deterrence, the very serious nature of [the defendant's] offenses, and importantly in this

---

[2] The district court never directly cited Section 3553(a) during the discussion quoted in the text. But the court's analysis tracked the statute's content and language, and this Court has recognized that a district court can "clearly invoke[]" the relevant statutory sentencing factors without "expressly mention[ing] § 3553(a)." *United States v. Montes-Pineda*, 445 F.3d 375, 380 (4th Cir. 2006).

8

case, to protect the public." (quotation marks removed)); see also *United States v. Gomez-Jimenez*, 750 F.3d 370, 383 (4th Cir. 2014) (district court, in analyzing sentencing factors, "recognized its obligation to impose a sentence sufficient but not greater than necessary" and considered a mitigating factor but "concluded that it was not particularly mitigating" (quotation marks removed)).

We do not understand Strother to meaningfully dispute anything we just said. Indeed, his counsel conceded at oral argument that "[i]f the district court had given the exact same 3553(a) analysis at the end of the sentencing hearing in support of . . . a variance sentence with no discussion of these departure provisions, that likely would have been sufficient to establish the substantive reasonableness of that sentence." Oral Arg. 10:59–11:15. Instead, Strother suggests we should subject a variance sentence to more searching review if the district court provided an alternative departure sentence that may (it turns out) have been erroneous. See generally Oral Arg. 10:15–11:15.

We disagree. This Court has long applied the same substantive-reasonableness standard in both situations. See, *e.g.*, *Hargrove*, 701 F.3d at 163–65 (applying the standards announced in *Gall*, a case involving no departures, to a case that—like this one—involved both departures and an alternative variance sentence); *Evans*, 526 F.3d at 165–66 (same). What is more, applying a heightened reasonableness standard when a district court gives two alternative bases for imposing the same sentence would defeat the entire point of what we have called "assumed error harmlessness" review. *United States v. Savillon-Matute*, 636 F.3d 119, 123 (4th Cir. 2011) (quotation marks removed). As we have explained, "it would make no sense to set aside a reasonable sentence and send the case back to the

9

district court" when the court "has already told us that it would impose exactly the same sentence" on grounds "we would be compelled to affirm." *Id.* (alterations and quotation marks removed).[3]

That is the situation here. Regardless of whether the district court legally erred by relying on one or more of the three Guidelines provisions it identified to depart upward, the court "made it abundantly clear that it would have imposed the same total sentence" as a variance under the Section 3553(a) factors. *Florentine*, 147 F.4th at 483. Such a sentence would have been both procedurally and substantively "reasonable" and this Court would be "compelled to affirm" it. *Id.* (quotation marks removed). For that reason, the judgment is

*AFFIRMED.*

---

[3] At oral argument, Strother pointed to language in *United States v. Florentine*, 147 F.4th 477, 484 (4th Cir. 2025), stating that "a district court cannot insulate a sentence from vacatur through a general statement that it would have imposed [the] same sentence regardless of any error." See Oral Arg. 15:04–25. But that language merely shows that the first requirement for assumed-error harmlessness review (that the district court would have imposed the same sentence regardless) is distinct from its second requirement (that the district court's in-the-alternative sentence would itself be procedurally and substantively reasonable).